JOHN MEAD *against* THE NORTH WESTERN INSURANCE COMPANY.

*Insurance; hazardous use of premises, contrary to conditions, or without permission.*

WHERE the conditions annexed to and made a part of a policy of insurance against fire, provide that, in case the insured premises should be used for any trade, business, or vocation denominated hazardous, the policy should be of no force while such use continued, any use of the premises contrary to such conditions, at the time of the loss, avoids the policy, though it appears that the fire did not originate in the building so used, that the insured had no knowledge of such use, and that no change had been made in the business since the insurance was effected.

It seems that where the conditions of the policy pro-

vide that camphene cannot be used in the building insured, without special permission, and it is used without permission, such use avoids the policy, although it be discontinued prior to the fire.

The buildings insured by the several policies in suit were described in the policies as brick buildings. It appeared. that the partition walls separating them from one another were (above the first story) only four inches in thickness, composed of joists, or wall strips, three by four or two by four inches, set perpendicularly at short intervals — the spaces filled with brick, presenting a plain surface on each side, in part wood and the residue brick, and plastered without lathing. The outer walls were brick. It was held proper to prove by a builder whether such would be considered and called brick buildings.

(S. C., 7 N. Y. 530.)